**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4764

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN CARTER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:05-cr-00082)

Submitted: September 28, 2007      Decided: October 12, 2007

Before MICHAEL and SHEDD, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Haakon Thorsen, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Jonathan A. Vogel, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Carter appeals his jury convictions and resulting 262—month sentence for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). Carter asserts the district court erred in sentencing him as a career offender and in failing to suppress statements he made to officers at his home. Finding no error, we affirm.

Under U.S. Sentencing Guidelines Manual § 4B1.1(a), a defendant is a career offender if he was older than eighteen when he committed the instant offense, the instant offense is a felony that is a crime of violence or a controlled substance offense, and he had two prior felony convictions for a crime of violence or a controlled substance offense. Prior sentences imposed in related cases are to be treated as one sentence for purposes of USSG § 4B1.1. See USSG §§ 4A1.2, comment (n.3); 4B1.2, comment (n.3). Cases are considered "related" if there was no intervening arrest and the offenses "(A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." USSG § 4A1.2, comment (n.3).

As Carter concedes, there was an intervening arrest in this case. Moreover, despite Carter's assertions otherwise, separate offenses do not become related simply because they were

consolidated for sentencing or because the defendant received concurrent sentences.  See United States v. Breckenridge, 93 F.3d 132, 137-38 (4th Cir. 1996), rev'd on other grounds, 229 F.3d 1144 (4th Cir. 2000).  We therefore find the district court properly sentenced Carter as a career offender.

Carter next contends the district court failed to acknowledge that he did not waive his rights under Miranda v. Arizona, 384 U.S. 436 (1966).  Carter essentially contends that he needed to receive written notice of his rights before he could properly waive them. Miranda warnings may be given orally or in writing.  As the Supreme Court has explained, there is no mandated process for providing a suspect with the Miranda warnings; rather, the issue is whether the warnings "reasonably convey to a suspect his rights as required by Miranda."  Duckworth v. Eagan, 492 U.S. 195, 203 (1989) (quotation and citation omitted).  We agree with the district court that Carter knowingly waived his Miranda rights; thus the court did not err in declining to suppress Carter's statements.

Accordingly, we affirm Carter's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED