**ON REHEARING**
**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4764**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

KEVIN CARTER,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:05-cr-00082-1)

─────────────

Submitted: February 29, 2012     Decided: March 13, 2012

─────────────

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

─────────────

Affirmed in part, reversed in part, vacated and remanded by unpublished per curiam opinion.

─────────────

Charles Robinson Brewer, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2006, Kevin Carter was found guilty by a federal jury of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (2006) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (2006). Based on his previous North Carolina convictions, the district court designated Carter a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2005). The court imposed within-Guidelines concurrent sentences of 262 and 120 months' imprisonment, respectively. Carter appealed and we affirmed the district court's judgment. United States v. Carter, 250 F. App'x 543 (4th Cir. 2007) (per curiam) (unpublished).

Although our mandate originally issued in 2007, we recently recalled the mandate with the consent of both parties. Carter now petitions for panel and en banc rehearing based primarily on our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Carter contends that, under Simmons, he has no prior felony convictions. Thus, Carter asserts that his conviction for felon in possession of a firearm should be vacated. Moreover, Carter contends that he is not a career offender for purposes of calculating his Guidelines range for the cocaine distribution offense.

Under North Carolina's structured sentencing scheme, sentences are calculated based on offenders' criminal history

2

and whether they fall within the mitigated, presumptive, or aggravated sentencing range. N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009). To determine whether a North Carolina offense is a "crime punishable by imprisonment for a term exceeding one year," we focus on the maximum sentence for which the particular defendant was eligible in light of his criminal history, rather than the maximum sentence that could be imposed on a defendant with the worst possible criminal record. Simmons, 649 F.3d at 243. Simmons overruled our prior decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which we determined the term for which an offense was punishable by looking at the maximum aggravated sentence that could be imposed upon a defendant with the worst possible criminal history. Simmons, 649 F.3d at 241. Harp was in effect at the time of the district court's 2006 judgment and our 2007 opinion.

Carter first raised the argument that his North Carolina convictions were not felonies in his petition for rehearing. Although we generally do not consider issues raised for the first time in a petition for rehearing, we find that the intervening change in the law wrought by Simmons warrants our consideration of that issue on rehearing. See United States v. Pierce, 409 F.3d 228, 235 (4th Cir. 2005) (remanding for resentencing in light of Booker where Booker issue was raised for the first time in a petition for rehearing); see also United

3

States v. Byers, 740 F.2d 1104, 1115 n.11 (D.C. Cir. 1984) (en banc). We therefore turn to an application of Simmons.

Although the state court records are not part of the record before us, the indictment, 21 U.S.C. § 851 (2006) notice, and presentence investigation report set forth three prior North Carolina cocaine-related convictions as Carter's prior "felonies." However, based on the sentences actually imposed, under the North Carolina sentencing table it appears that Carter could not have received a sentence of greater than twelve months for any of his prior convictions. N.C. Gen. Stat. § 15A-1340.17(c)-(d). Thus, under Simmons, none of these three convictions were offenses punishable by a term of imprisonment exceeding one year for the purpose of the federal felon-in-possession statute. Similarly, the convictions could not support Carter's designation as a career offender.

Accordingly, we reverse Carter's felon in possession of a firearm conviction. For the reasons set forth in our October 12, 2007 opinion, we affirm Carter's cocaine distribution conviction, but grant panel rehearing and vacate his sentence for that offense and remand to the district court for resentencing. Because no member of the court has requested a poll, Carter's request for en banc rehearing is denied. We deny as moot Carter's motions to vacate and for a briefing order. We dispense with oral argument because the facts and

4

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
REVERSED IN PART,
VACATED AND REMANDED
